STATE OF IOWA, Appellee, v. HARDY FRIEND, Appellant.

FEBRUARY 12, 1929.

*F. E. Northup*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

EVANS, J.—I. The prosecution had its origin in a search and seizure in certain premises known as 307 North Center Street, Marshalltown, wherein intoxicating liquor was found. It appears that the defendant lived with his mother, in the old family home. This home was the place of the search. On the afternoon or evening of March 8, 1928, nine officers entered the house, for the purpose of search. They found Mrs. Friend alone in possession. The seizure included eight exhibits, which were introduced at the trial. These consisted of bottles and their contents. The quantity appears to have been small. One bottle was marked "Old Steuben Rye." Its contents were described in the testimony of the seizing officer as being flavoring extract, and not intoxicating. Another exhibit was a bottle of blackberry wine, said to be "mighty good wine." The other six ex-

hibits were all described as containing alcohol. Some of these were found in the kitchen cabinet, some in the cupboard, and some in the bookcase. Concededly, the burden was upon the State to show that these intoxicating liquors were found in the possession of the defendant. The broad question arising upon this record is whether the defendant is to be deemed presumptively in possession of small quantities of intoxicating liquor found in his mother's cupboard while he was living with her. Her husband was previously deceased. She was presumptively the head of the family, and in control of the household. Indeed, she testified as a witness that she was the sole owner, and in control of the exhibits seized, and that they had been originally acquired by her deceased husband, and had been in her possession at all times since his decease. We are not so much concerned, however, with her testimony. The question is whether the State proved possession in the defendant.

The district court recognized the state of the record, and submitted the specific issue to the jury as one to be determined by circumstantial evidence, if any. Instruction 9 was as follows:

"You are instructed that circumstantial evidence has been offered and is relied upon by the State to establish ownership of the liquor alleged to have been found at No. 307 North Center Street in Marshalltown, Iowa.

"To warrant a conviction upon circumstantial evidence alone, each fact in the chain of circumstances necessary to prove guilt must be proven by competent evidence, beyond a reasonable doubt, and all the facts necessary to prove guilt must be connected with each other and with the main fact, and all circumstances taken together must be of a conclusive nature, producing a moral certainty that the crime was committed.

"In order, however, to warrant a conviction upon circumstantial evidence alone, the facts proved must not only be consistent with the guilt of the accused, but they must also be inconsistent with any other rational theory of defendant's innocence."

The instruction is abstractly correct. The difficulty confronting us is that the jury ignored it. The record presented here discloses no circumstance in support of such allegation,

other than the fact that the defendant lived with his mother at this home. The brief for the State points out no other circumstance, nor does it purport to rely upon circumstantial evidence. It purports to rely only upon the *direct* evidence to the effect that the defendant lived at this home.

It appears that the defendant arrived home while the search thereof was still in progress. It does not appear that he gave any attention thereto. He said nothing and did nothing. We see no escape from the conclusion that the State stopped short in its proof of possession or control.

II. Other grounds of reversal are urged, many of which are clearly wanting in merit. The instructions are quite unassailable in form, except No. 8, which was concededly formulated by defendant's counsel, and given at his request. The brief for the State calls our attention to the fact that the case involves one question which is presented to us for the first time. That is whether the mere possession of liquor, without intent to sell the same, will of itself subject the possessor to prosecution for maintaining a liquor nuisance. The State asks for a specific consideration of this question. A careful examination of defendant's brief fails to disclose that he raises this question. Consideration of it, therefore, must be deferred. It is expressly reserved from this adjudication.

On the ground stated in Division I hereof, the judgment of the district court is—*Reversed.*

ALBERT, C. J., and STEVENS, MORLING, KINDIG, and WAGNER, JJ., concur.

FAVILLE, J. (dissenting).—I think the case presents a fact question for the determination of the jury, and would affirm.